**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 96-50855
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR ISLAS-ALVAREZ, XOCHITL ROCHA-FLORES, and
NICHOLAS EMEY PARGAZ,

Defendants - Appellants.

Appeal from the United States District Court
for the Western District of Texas
(96-CR-189)
November 10, 1997

Before EMILIO M. GARZA, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cesar Islas-Alvarez, Xochitl Rocha-Flores and Nicholas Emey Pargaz (collectively "defendants") appeal their convictions for conspiracy to distribute marijuana (in violation of 21 U.S.C. § 846), conspiracy to possess with intent to distribute marijuana, and possession with intent to distribute marijuana (both in violation of 21 U.S.C. § 841(a)(1)), alleging that errors committed by the district court prevented them from receiving a fair trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We find defendants' claims regarding the allegedly prejudicial conduct of the trial judge during the cross-examination of Government witness Richard Austin unsupported by any case law and directly contradicted by Rule 611 of the Federal Rules of Evidence. *See* FED. R. EVID. 611(a) (providing that the court should "exercise reasonable control" over the questioning of witnesses in order to aid in the "ascertainment of truth," avoid "needless consumption of time," and "protect witnesses from harassment or undue embarrassment"). Likewise, we find each of the district court's allegedly erroneous evidentiary rulings to be well within the bounds of discretion provided by *United States v. Anderson*, 933 F.2d 1261, 1267-1268 (5th Cir. 1991) (applying a "highly deferential" abuse-of-discretion standard to the trial court's evidentiary rulings, but noting that review of such rulings in criminal trials is "necessarily heightened"). Islas-Alvarez's remaining claim of error))that the district court improperly sentenced him for larger amounts of marijuana than it was proved he was involved with at trial))merits little discussion in light of *Nichols v. United States*, 511 U.S. 738, 748, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994) (state need only prove conduct for sentencing purposes by a "preponderance of the evidence") (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418-2419, 91 L.Ed.2d 67 (1986)).

AFFIRMED.